COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP
JEFFREY W. LAWRENCE (166806)
SYLVIA SUM (207511)
100 Pine Street, Suite 2600
San Francisco, CA  94111
Telephone:  415/288-4545
415/288-4534 (fax)
jeffreyl@csgrr.com
sylvias@csgrr.com
        – and –
DARREN J. ROBBINS (168593)
RAMZI ABADOU (222567)
655 West Broadway, Suite 1900
San Diego, CA  92101-3301
Telephone:  619/231-1058
619/231-7423 (fax)
darrenr@csgrr.com
ramzia@csgrr.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES WILTJER, On Behalf of Himself and All Others Similarly Situated,<br><br>                Plaintiff,<br><br>   vs.<br><br>BIGBAND NETWORKS, INC. et al.,<br><br>                Defendants. | No. C 08-00022-CRB<br><br>CLASS ACTION<br><br>DECLARATION OF DARREN J. ROBBINS IN SUPPORT OF PLAINTIFF'S MOTION TO REMAND<br><br>DATE:       February 22, 2008<br>TIME:       10:00 a.m.<br>CTRM:     8 |

1    I, DARREN J. ROBBINS, declare as follows:

2    1.    I am an attorney duly licensed to practice before all of the courts of the State of California and this Court. I am a member of the law firm of Coughlin Stoia Geller Rudman & Robbins LLP, one of the counsel of record for plaintiff in the above-entitled action. I make this declaration in support of plaintiff's Motion to Remand. I have personal knowledge of the matters stated herein and, if called upon, I could and would competently testify thereto.

2.    Attached are true and correct copies of the following exhibits:

Exhibit 1:   *Martin v. BellSouth Corp.*, No. 1:03-CV-728-WBH, slip op. (N.D. Ga. July 3, 2003); and

Exhibit 2:   *Steamfitters Local 449 Pension & Ret. Sec. Funds v. Quality Distrib., Inc.*, No. 8:04-cv-961-T-26MAP, slip op. (M.D. Fla. June 25, 2004).

I declare under penalty of perjury under the laws of the United State of America that the foregoing is true and correct. Executed this 18th day of January, 2008, at San Diego, California.

                s/ Darren J. Robbins
                DARREN J. ROBBINS

S:\CasesSD\BigBand State\DEC00048564.doc

DECLARATION OF DARREN J. ROBBINS - C 08-00022-CRB  - 1 -

CERTIFICATE OF SERVICE

I hereby certify that on January 18, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I have mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on January 18, 2008.

      s/ Darren J. Robbins
DARREN J. ROBBINS

COUGHLIN STOIA GELLER
    RUDMAN & ROBBINS LLP
655 West Broadway, Suite 1900
San Diego, CA  92101-3301
Telephone:  619/231-1058
619/231-7423 (fax)

E-mail:darrenr@csgrr.com

# Mailing Information for a Case 3:08-cv-00022-CRB

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Ramzi Abadou**
  ramzia@csgrr.com,debh@csgrr.com

- **Keith E. Eggleton**
  keggleton@wsgr.com

- **Jeffrey W. Lawrence**
  jeffreyl@csgrr.com,e_file_sf@csgrr.com,e_file_sd@csgrr.com,GDarwish@csgrr.com

- **Joni L. Ostler**
  jostler@wsgr.com,pbaird@wsgr.com

- **Darren Jay Robbins**
  e_file_sd@csgrr.com

- **Rodney Grant Strickland , Jr**
  rstrickland@wsgr.com

- **Michael Carl Tu**
  mtu@orrick.com

- **Robert P. Varian**
  rvarian@orrick.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

```
Teodora Emilova Manolova
Orrick Herrington & Sutcliffe LLP
777 South Figueroa Street
Suite 3200
Los Angeles, CA 90017-5855
```

EXHIBIT 1

Case 4:08-cv-00022-SBA     Document 14-2     Filed 01/18/2008     Page 1 of 7

ORIGINAL

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta
JUL 0 3 2003
LUTHER D. THOMAS, Clerk
By: [signature] Deputy Clerk

| | |
|---|---|
| CURT E. MARTIN, On Behalf of Himself and All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>BELLSOUTH CORPORATION, F. DUANE ACKERMAN, RONALD M. DYKES, REUBEN V. ANDERSON, JAMES H. BLANCHARD, J. HYATT BROWN, ARMANDO M. CODINA, and ROBIN B. SMITH,<br><br>Defendants. | CIVIL ACTION FILE<br>NO. 1:03-CV-728-WBH |

## ORDER

Before the Court are Plaintiff Curt E. Martin's Motion to Remand Action to the Superior Court of Fulton County [7] and the parties' Joint Request for Oral Argument on Plaintiff's Motion to Remand [19]. For the reasons set forth below, the motion to remand is GRANTED, and the request for oral argument is DENIED.

## BACKGROUND

On February 6, 2003, Plaintiff filed this putative class action in the Superior Court of Fulton County on behalf of all persons who purchased BellSouth Corporation ("BellSouth") common stock during the relevant time period through the BellSouth Dividend Reinvestment Plan. Plaintiff alleges that Defendants violated Sections 11 and 15 the Securities Act of 1933 ("the 1933 Act") by issuing a false and misleading Registration

Statement and Prospectus. The complaint, which alleges only federal securities law claims, was filed in state court pursuant to the concurrent jurisdiction provision of the 1933 Act, 15 U.S.C. § 77v(a). On March 18, 2003, Defendants removed the action to this Court pursuant to 28 U.S.C. § 1441(a).[1] Plaintiff filed a motion to remand, arguing that removal is barred by the Securities Litigation Uniform Standards Act of 1998 ("SLUSA"), 15 U.S.C. §§ 77v, 77p(c).

## DISCUSSION

### I. General Removal Standard

A defendant may remove a case to federal court only if it could have been properly filed there originally. 28 U.S.C. § 1441. The burden is upon the removing defendant to establish that removal is proper. Tapscott v. MS Dealer Serv. Corp., 77 F.3d 1353, 1356 (11th Cir. 1996). Courts must construe removal statutes strictly and resolve uncertainties about federal jurisdiction in favor of remand. Burns v. Windsor Insurance Co., 31 F.3d 1092, 1095 (11th Cir. 1994).

### II. Removal of Securities Class Actions

The 1933 Act provides that a plaintiff may bring suit in state or federal court. See 15 U.S.C. § 77v(a). Until SLUSA was enacted in 1998, claims brought in state court were not removable. SLUSA amended the 1933 Act, in part, to provide an exception to the bar

---

[1] 28 U.S.C. § 1441(a) provides, in relevant part: "Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant."

2

on removal for covered class actions[2] as described in Section 77p(c). See id.[3] Section 77p(c) provides that "[a]ny covered class action brought in any State court involving a covered security, *as set forth in subsection (b)*, shall be removable . . . and shall be subject to subsection (b)." 15 U.S.C. § 77p(c) (emphasis added). Subsection (b), which preempts certain class actions based on state law, provides as follows:

> No covered class action based upon the statutory or common law of any State or subdivision thereof may be maintained in any State or Federal court by any private party alleging –
>
> (1) an untrue statement or omission of a material fact in connection with the purchase or sale of a covered security; or
>
> (2) that the defendant used or employed any manipulative or deceptive device or contrivance in connection with the purchase or sale of a covered security.

15 U.S.C. § 77p(b).

In this case, Plaintiff asserts that Section 77p(c)'s reference to subsection (b) necessarily limits removal under SLUSA to actions based on state law. Therefore, because his complaint asserts only federal claims, Plaintiff maintains that it falls outside the purview

---

[2] A "covered class action" includes a lawsuit on behalf of more than 50 people involving common questions of law or fact. See 15 U.S.C. § 77p(f)(2).

[3] Section 77v(a) provides, in relevant part:

The district courts of the United States and the United States courts of any Territory shall have jurisdiction of offenses and violations under this title [15 U.S.C. §§ 77a et seq.] . . . and, concurrent with State and Territorial courts, *except as provided in section 16 [15 U.S.C. § 77p] with respect to covered class actions*, of all suits in equity and actions at law brought to enforce any liability or duty created by this title . . . *Except as provided in section 16(c) [15 U.S.C. § 77p(c)]*, no case arising under this title and brought in any State court of competent jurisdiction shall be removed to any court of the United States.

15 U.S.C. § 77v(a) (emphasized portions reflect 1998 SLUSA amendments).

3

of SLUSA's removal provision and must be remanded. See Nauheim v. The Interpublic Group of Companies, Inc., 2003 U.S. Dist. LEXIS 6266, *11 (N.D. Ill. April 16, 2003) (holding that the plain language of the 1933 Act, as amended by SLUSA, permits the removal of only those covered class actions based on state law); In re Waste Management, Inc. Securities Litigation, 194 F. Supp. 2d 590, 596 (S.D. Tex. 2002) (finding no express statement that Congress intended to modify the traditional rule prohibiting removal of cases under the 1933 Act).

Defendants do not dispute that Plaintiff's case is based entirely on federal law; however, they argue that a proper reading of the 1933 Act demonstrates that removal is authorized by Section 77p(c) and is consistent with the legislative history of SLUSA. In particular, Defendants point out that Section 77p(c) refers to "*any* covered class action," not simply a class action based on state law. See 15 U.S.C. § 77p(c) (emphasis added). Defendants maintain that the reference to subsection (b) incorporates that subsection's description of state law class actions that may be removed, but does not limit removal to those cases. See Alkow v. TXU Corp., 2003 U.S. Dist. LEXIS 7900, *4 (N.D. Tex. May 8, 2003) (adopting this interpretation in order to harmonize Sections 77p(c) and 77v(a)); Brody v. Homestore, Inc., 240 F. Supp. 2d 1122, 1123-24 (C.D. Cal. 2003) (finding this interpretation to be consistent with the congressional findings of SLUSA).

The question of whether class actions brought in state court under the 1933 Act can be removed to federal court is one of first impression in this Court. In fact, there is no circuit case on point, and the few district courts to consider the question have split between the competing interpretations of the statute. However, based on the plain language of the 1933

4

Act and resolving all jurisdictional uncertainties in favor of remand, this Court agrees with Plaintiff that remand to state court is appropriate in this case.

When statutory language is clear and unambiguous, courts must give effect to the plain meaning of the statute and need not examine the legislative history. See, e.g., Nauheim, 2003 U.S. Dist. LEXIS at *9-11. Thus, while the Court acknowledges that SLUSA was enacted largely to prevent plaintiffs from evading federal law protections against abusive litigation by filing in state court, the Court cannot ignore the plain language of the statute. As amended by SLUSA, the removal provision set forth in Section 77p(c) expressly incorporates and relies upon subsection (b), which in turn refers only to particular types of class actions based on state law. Contrary to Defendants' argument, this interpretation does not render meaningless the removal provision set forth in Section 77v(a). As explained by the Nauheim court, "Section 77v(a), as amended by SLUSA, is made meaningful by section 77p(c)'s preemption of an expressly delineated category of state law class actions as set forth under subsection (b) . . . To otherwise interpret the statute would be to ignore its plain meaning." Id. at *14-15 (noting further that this interpretation is consistent with Congress' stated intent to limit securities class actions under state law).

For these reasons, Defendants have not persuaded the Court that a covered class action based on federal law may be removed pursuant to the 1933 Act as amended by SLUSA. Because Plaintiff's complaint is based entirely on federal securities law, the Court finds that the case was improperly removed. Accordingly, Plaintiff's motion to remand is GRANTED. Plaintiff has also moved for attorneys' fees and costs associated with removal

AO 72A
(Rev.8/82)

pursuant to 28 U.S.C. § 1447(c). However, the Court declines to award such fees and costs in this case.

## CONCLUSION

For the reasons set forth above, Plaintiff's motion to remand [7] is GRANTED, and the parties' joint request for oral argument [19] is DENIED. The Clerk is directed to REMAND the case to the Superior Court of Fulton County, Georgia, and CLOSE this case.

It is so ORDERED this ___ day of July, 2003.

Willis B. Hunt, Jr.
Judge, United States District Court

6

# EXHIBIT 2

FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

STEAMFITTERS LOCAL 449 PENSION &
RETIREMENT SECURITY FUNDS, on behalf
of itself and all others similarly situated,

    Plaintiff,

v.

CASE NO: 8:04-cv-961-T-26MAP

QUALITY DISTRIBUTION, INC.; THOMAS
FINKBINER; SAMUEL M. HENSLEY;
ANTHONY R. IGNACZAK; JOSHUA J.
HARRIS; MICHAEL D. WEINER; MARC J.
ROWAN; MARC E. BECKER; DONALD C.
ORRIS; CREDIT SUISSE FIRST BOSTON LLC;
BEAR, STEARNS & CO., INC.; and DEUTSCHE
BANK SECURITIES, INC.,

    Defendants.
_____/

## ORDER

Before the Court is Plaintiff's Motion for Remand to State Court and supporting Memorandum of Law and Defendant's opposing Memorandum of Law. After careful consideration of the parties' submissions, together with the allegations of Plaintiff's class action complaint, the Court is of the opinion that the motion is due to be granted and this case remanded to state court.

Plaintiff filed its class action complaint in the Circuit Court of the Thirteenth Judicial Circuit in and for Hillsborough County, Florida. The parties do not dispute

Plaintiff has only alleged violations of the Securities Act of 1933. The Court's own independent examination of the complaint confirms this fact. Indeed, Plaintiff explicitly alleges in paragraph 6 of the complaint that "[t]his is an action asserting federal law claims." Consequently, there can be no question that this lawsuit does not involve the application or invocation of the statutory or common law of the State of Florida.

Defendants removed the case to this Court under the auspices of 28 U.S.C. §§ 1331 and 1441, as well as the explicit removal provisions of the Securities Litigation Uniform Standards Act of 1998 (SLUSA), 15 U.S.C. § 77p(c). Plaintiff now seeks remand because it contends that the relevant provisions of SLUSA prohibit removal of a class action federal securities case filed in state court.

Five district courts have confronted this precise removability issue. The majority of these courts have decided that the Securities Act of 1933 as amended by SLUSA does not permit removal of a class action complaint alleging violations of the Securities Act as opposed to state-law claims founded on state statutory or common law authority. See In re Waste Mgmt., Inc. Securities Litigation, 194 F. Supp. 2d 590 (S.D. Tex. 2002); Nauheim v. The Interpublic Group of Companies, Inc., 2003 WL 1888843 (N.D. Ill. 2003); Hawaii Structural Ironworkers Pension Trust Fund v. Calpine Corp., 2003 WL 23509312 (S.D. Calif. 2003). The minority view holds that such a federal class action lawsuit can be removed to federal court under the amendments promulgated by the

Congress in SLUSA. See Brody v. Homestore, Inc., 240 F. Supp. 2d 1122 (C.D. Calif. 2003); Alkow v. TXU Corp., 2003 WL 21056750 (N.D. Tex. 2003).

After carefully reviewing the reasoning of each of these cases, together with the interplay between the clear and unambiguous provisions of §§ 77p(b), 77p(c), 77p(f)(2), and 77v(a), the Court agrees with the statutory analysis of the majority view, especially the analysis employed by the court in Nauheim, and concludes that "the plain language of the Securities Act, as amended by SLUSA, clearly and unambiguously permits the removal of only those covered class action complaints that are based on State statutory or common law." Id. at *4. This conclusion is buttressed by the equally clear and unambiguous statement of the Eleventh Circuit Court of Appeals in Riley v. Merrill, Lynch, Pierce, Fenner & Smith, 292 F. 3d 1334, 1342 (11th Cir. 2002), which Defendants claim to be dicta, that "in order to remove an action to federal court under SLUSA, the removing party must show" as one of the elements justifying removal "that . . . (2) the plaintiffs' claims are based on state law . . ."[1]

Even without the guiding light of Riley and the majority view exemplified in Nauheim, the Court would still reach the same conclusion based on a common sense analysis of SLUSA's provisions. In § 77v(a), Congress clearly provided that state courts have concurrent jurisdiction of "offenses and violations" arising under the Securities Act

---

[1] The Court notes that the court in Nauheim also relied on this statement in Riley.

-3-

and that "[e]xcept as provided in § 77p(c) of this title, "no case arising" under that Act "and brought in any State court of competent jurisdiction shall be removed to any court of the United States." In § 77p(c), Congress made it equally clear that a "covered class action" as set forth in § 77p(b), which is filed in a state court, must be removed to federal court subject to the provisions of that statutory subsection. Finally, in § 77p(b), Congress plainly and unambiguously limited a "covered class action" which must be removed to federal court from state court to one that is "based upon the statutory or common law of any State or subdivision thereof."

Construing these statutory provisions *in pari materia*, and engaging in the presumption that Congress said what it meant and meant what it said in enacting this legislation,[2] the conclusion is inescapable: a class action lawsuit filed in state court founded only on claimed violations of the Securities Act of 1933 cannot be removed to federal court because of the unmistakable intent of Congress as manifested in §§ 77v(a) and 77p(b) that the only type of class action lawsuit subject to removal is one alleging violations of a state's statutory or common law. Or, put another way, one who chooses to file a class action lawsuit in state court alleging only violations of the Securities Act of 1933 cannot have that lawsuit removed to state court because of the unmistakable intent of Congress as manifested in § 77v(a) that such a lawsuit cannot be removed to state court

---

[2] See Allapattah Serv., Inc. v. Exxon Corp., 333 F. 3d 1248, 1254 (11th Cir. 2003).

unless it falls within the ambit of § 77p(b) and alleges violations of state statutory or common law.

Although the Court recognizes the anomaly of deciding that a class action lawsuit filed in state court alleging federal claims cannot be removed to federal court, such an anomaly arises from Congress' clear and unmistakable choice of the statutory language found in the provisions of SLUSA and, if such an anomaly does exist, it is for Congress to rectify, and not this Court. Instead, this Court's role is limited to applying the statutory language selected by Congress, not rewriting it to conform to traditional notions of removal jurisprudence. See Harris v. Garner, 216 F. 3d 970, 976 (11th Cir. 2000).

As noted, Defendants do not dispute that Plaintiff's claims in this case are not based on state law. Given this concession, Defendants have failed to sustain their burden of establishing the existence of federal jurisdiction. See Leonard v. Enterprise Rent A Car, 279 F. 3d 967, 972 (11th Cir. 2002). Consequently, this Court must remand this case to state court because it lacks subject matter jurisdiction. See 28 U.S.C. § 1447(c) (providing in pertinent part that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

Plaintiff also requests attorneys' fees and costs associated with the filing of the motion for remand. However, as in Hawaii Structural Iron Workers Pension Trust Fund, "[t]he Court denies Plaintiff's request because the removal was premised on a close question of law which has divided the courts." 2003 WL 23509312 *3.

ACCORDINGLY, for the reasons expressed, it is **ORDERED AND ADJUDGED** as follows:

1) Plaintiff's Motion for Remand to State Court (Dkt. 11) is granted.

2) Plaintiff's Motion for Attorneys' Fees and Costs (Dkt. 11) is denied

3) The Clerk is directed to remand this case to the Circuit Court of the Thirteenth Judicial Circuit, in and for Hillsborough County, Florida.

4) The Clerk is directed to close this case after remand has been effectuated.

**DONE AND ORDERED** at Tampa, Florida, on June 25, 2004.

RICHARD A. LAZZARA
UNITED STATES DISTRICT JUDGE

<u>COPIES FURNISHED TO</u>:
Counsel of Record